Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 5141 | **DATE** | 12/7/2004 |
| **CASE TITLE** | Portfolio Technologies, Inc. vs. Church & Dwight Co., Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Defendant's Motion to Transfer [8-1]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Defendant's Motion to Transfer Venue [8-1] to the District of New Jersey is granted. See attached Opinion and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | DEC 0 9 2004 | |
| | Notified counsel by telephone. | | date docketed | 18 |
| X | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | date mailed notice | |
| | | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Portfolio Technologies, Inc., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 04 C 5141 |
| ) | |
| ) | HONORABLE CHARLES R. NORGLE |
| ) | |
| Church & Dwight Co., Inc., ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

CHARLES R. NORGLE, Sr., District Judge:

Before the court is Defendant Church & Dwight Co. Inc.'s Motion to Transfer. For the following reasons, the court grants the Defendant's Motion to Transfer and orders the clerk to transfer this case to the District of New Jersey.

## I. BACKGROUND[1]

### A. Facts

This case involves a claim of patent infringement under the patent laws of Title 35 of the U.S. Code. Plaintiff, Portfolio Technologies, Inc. ("PTI"), is incorporated and has its principal place of business in Illinois. PTI is engaged in the manufacture, distribution, and sale of condoms in the United States. PTI owns by assignment from the estate of Reddy Laboratories International ("RLI") U.S. Patent No. 5,082,004 ("the '004 patent") covering condoms, including the "Pleasure Plus," marketed by PTI. The patent was issued in 1992, and PTI has held it since

---

[1] The background information is taken from Plaintiff's Complaint, Defendant's Motion to Transfer, and Plaintiff's Response to the Motion to Transfer.

1



1998. PTI has been selling this product since 1999. Defendant Church & Dwight Co., Inc. ("CDCI") is a Delaware corporation, with an office in Princeton, New Jersey. CDCI is one of the largest condom distributors in the country, and manufacturer of the "Trojan" brand condoms. PTI contends that CDCI has infringed and is continuing to infringe on the '004 patent by making, importing, distributing, and selling within the State of Illinois and elsewhere in the United States, a product that falls within the scope of PTI's patent.

**B. Procedural History**

PTI filed suit in the U.S. District Court for the Northern District of Illinois on August 4, 2004. On September 23, 2004 CDCI filed a motion to transfer this case to the U.S. District Court for the District of New Jersey. In its motion, CDCI claims that this action has a greater connection to New Jersey because an earlier-filed patent infringement case brought by the same plaintiff, under the same patent, and similar product is currently pending in New Jersey,[2] and its witnesses and non-party witness are there as well. Thus, CDCI claims, the District of New Jersey is a more convenient and appropriate forum. In response, PTI claims that a plaintiff's forum choice is given substantial weight, the current forum is considerably more convenient, and CDCI has not shown great injustice as to warrant transfer.

## II. DISCUSSION

A district court may transfer a case pursuant to 28 U.S.C. § 1404(a), which provides:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

28 U.S.C. § 1404(a). Under this section, transfer is proper if: (1) venue is proper in both the

---

[2] PTI, Inc. v. Reddy Medtch, Ltd., et al, No. 99-0889-JAG

transferor and transferee court; (2) transfer is for the convenience of the parties and witnesses; and (3) the transfer is in the interest of justice. See Boyd v. Snyder, 44 F. Supp. 2d 966, 968 (N.D. Ill. 1999). The moving party bears the burden of demonstrating that the transferee forum is the more convenient forum. See Heller Fin., Inc v. Midwhey Powder Co. Inc., 883 F.2d 1286, 1293 (7th Cir. 1989). "The weighing of factors for and against transfer necessarily involves a large degree of subtlety and latitude, and therefore, is committed to the sound discretion of the trial judge." Coffey v. Van Dorn Iron Works, 796 F.2d 217, 219 (7th Cir. 1986).

## A. Venue

The parties do not dispute that venue is proper in both the Northern District of Illinois and the District of New Jersey. The action could have been brought in New Jersey because under 28 U.S.C. § 1391(a)(1), venue is proper in "a judicial district where any defendant resides." In patent infringement cases, venue is proper in the judicial district: (1) where the defendant resides; or (2) where the defendant has committed acts of infringement and has a regular and established place of business. See 28 U.S.C. § 1400(b). However, the parties dispute whether the transfer will serve the convenience of the parties and witnesses and the interests of justice.

## B. Convenience of the Parties and Witnesses

In evaluating the convenience and fairness of transfer under § 1404(a), the court must consider both the private interests of the parties and the public interest of the court. The private interests of the parties include: (1) plaintiff's choice of forum, (2) situs of material events, (3) relative ease of access to sources of proof in each forum, including the court's power to compel appearance of unwilling witnesses at trial, and (5) costs of obtaining attendance of witnesses. Public factors include the court's familiarity with applicable law and the desirability of resolving controversies in their locale. Medi USA, L.P. v. Jobst Institute, Inc., 791 F. Supp. 208, 210

3

(N.D. Ill. 1992) (Norgle, J.); see generally 15 Charles A. Wright, Arthur R. Miller & E. Cooper, Federal Practice and Procedure §§ 3849-53 (1986).

Considering all of the Medi USA factors, the court finds that transfer is appropriate. First, a plaintiff's choice of forum is given substantial weight, see In re National Presto Industries, Inc., 347 F.3d 662, 663 (7th Cir. 2003), however this factor is not usually dominant. See Medi, 791 F.Supp. at 210. Furthermore, it is not the only factor a court must consider. See Van Holdt v. Husky Injection Molding Systems, Ltd., 887 F.Supp. 185, 188 (N.D. Ill. 1995). PTI argues that under Presto, there is a substantial presumption in favor of the plaintiff's home forum. "Unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." In re National Presto Industries, Inc., 347 F.3d at 664 (citing Zelinski v. Columbia 300, Inc., 335 F.3d 633, 643 (7th Cir. 2003)). "Rarely, however, is not never." Zelinski, 335 F.3d at 664. A plaintiff's choice of forum is usually not the determinative factor. See Van Holdt, 887 F.Supp. at 188. There are other significant factors in this case, such as the location of witnesses and documents, and the fact that PTI has availed itself of the jurisdiction of New Jersey in a case with similar defendants and similar issues of law. These facts are substantial enough to override PTI's choice of forum in the Northern District of Illinois.

PTI also claims that the Northern District of Illinois is substantially more convenient by virtue of their "one man operation" and relatively low capital. Pl.'s Resp. at 4. In effect, PTI claims that traveling to New Jersey to litigate this case would bankrupt the company. However, PTI has been able to effectively finance pending litigation for several years in the District of New Jersey.

Second, even though PTI chose Illinois as its forum, "the material events of a patent infringement case do not revolve around any particular situs." Medi, 791 F. Supp. at 210. The

4

trier of fact determines patent infringement by comparing the offending device with the language of the claim. Id.; see also SRI Internat'l v. Matsushita Elec. Corp. of Am., 775 F.2d 1107, 1121 (Fed. Cir. 1985). The wrongful act in this case does not center around a specific location, rather around the possible infringement of a patent.

Third, the relative ease of access to sources of proof in each forum dictate that the court must rule in favor of transfer. The New Jersey District Court has already heard arguments and gathered evidence in the pending case. That court has also ruled on a preliminary injunction for PTI, and therefore is familiar with the intricacies of the case. It has the documents and briefs relating to this action in its files. Therefore, it is more convenient and requires less costs to transfer the case to New Jersey.

Fourth, convenience of the parties and costs of litigation favors transfer. A court will not grant a motion to transfer if it will merely shift the inconvenience from one party to another. See Medi USA, L.P., 791 F. Supp. at 211. In any transfer case, one party will necessarily be somewhat inconvenienced if it is required to travel to another jurisdiction, that cannot be avoided. However, in this case, neither party will suffer substantial inconvenience. PTI's witnesses presumably reside in Illinois. However, these same witnesses who have already testified in the New Jersey action will probably testify in this action. Here, although a transfer to New Jersey does impose some burden on PTI, transfer is efficient for both the parties and the court. PTI claims that it would be more convenient to keep the case in Illinois, because all of it's witnesses are located here. The court finds this claim unpersuasive. PTI has already commenced litigation in New Jersey, and it is likely that the witnesses that testified in the New Jersey case will also testify for PTI in the current litigation. Also, the only non-party witness, Dr. Reddy, the inventor of the patent, stated that it would be more convenient for him to testify in New Jersey

5

where he is already a defendant, rather than travel to Illinois for a whole new trial. Reddy Decl., ¶ 10. Dr. Reddy resides in New Jersey when he travels to the United States from India, and is already under the subpoena power of the New Jersey District Court.

**C. Interest of Justice**

The interest of justice factor pertains to the "efficient administration of the court system," and is a distinct and "separate component of a § 1404(a) analysis." See Coffey, 796 F.2d at 220-1. This factor may require the court to deny a motion to transfer, even though the court would otherwise find the original forum inconvenient for the parties and witnesses. See id. The interest of justice factor includes such issues as the speed at which the case will proceed to trial, the feasibility of consolidation, the court's familiarity with applicable law, the local interest in having controversies decided at home, and issues related to injunctive relief. See id. at 221; see also Law Bulletin Publishing Co. v. LRP Publications, 992 F. Supp. 1014, 1017 (N.D. Ill. 1998).

Here, PTI claims that transfer would impose unnecessary costs on their small, fledgling company. However, PTI has already traveled to New Jersey and voluntary subjected itself to that court's jurisdiction by filing the suit for preliminary injunction. PTI cannot now claim the costs of litigation in New Jersey is too high. It is also feasible to consolidate the pending case in New Jersey with the possible suit in Illinois. PTI claims that the case would be resolved more promptly if it remained in Illinois. However, this assertion ignores the similar litigation in the New Jersey court. Both cases deal with similar issues of law and fact, and have the same witnesses. The New Jersey court has already denied an injunction for PTI, and is intimately familiar with the legal issues and facts. Because this case involves a federal question, both districts are capable of handling the case and enforcing any injunctions. However, there is the possibility for conflicting rulings, if this case was not transferred. The Northern District could

6

rule in favor of PTI, while New Jersey may rule against them. This would result in confusion, with both parties uncertain as how to proceed. Therefore, it would be efficient for one court to hear all the claims for each party. Lastly, the New Jersey court already ruled on a preliminary injunction brought by PTI, and therefore it is in a better position to enforce any subsequent injunctions that may come before that court. For all these reasons, the interests of justice will be served by transferring this case to the District of New Jersey.

### III. CONCLUSION

For the reasons stated above, the court grants the Defendant's Motion to Transfer. The court orders the clerk of the court to transfer the entire case file to the District of New Jersey.

IT IS SO ORDERED.

ENTER:

_____
CHARLES RONALD NORGLE, SR. Judge

United States District Court

DATED: 12-7-04